SAMUEL, Judge
(concurring).
I agree with the conclusion reached by the majority and write this concurrence only for the purpose of pointing out and emphasizing what to me are important considerations.
The trial court judgment permanently enjoins the Plaquemines Parish Commission Council and its individual members from “ * * * paying, advancing, or transferring any money, funds, or properties to or on behalf of the Plaquemines Parish School Boai;d for any purpose whatsoever.” The judgment is based on the trial court’s conclusion that the Plaquemines Parish Charter and the Louisiana Constitution prohibit the actions enjoined. Only the Council and the Board have appealed therefrom, plaintiff has not answered the appeal, and the sole issue before us is whether or not such enjoined actions are prohibited by our law.
The Council was created in 1961 under authority of Article XIV, Section 3(d) of the Louisiana Constitution. In accordance with that constitutional provision, which in part states the powers and functions of the Parish School Board shall not be affected by the parish charter commission plan of government, Article 1, Section 1 of the Plaquemines Parish Charter provides:
“No provision of this Charter shall apply, or be construed as applying, to any municipalities which may be incorporated within this Parish, nor with the powers and functions of the Parish School Board.”
Plaintiff contends: As shown by the record, during the past fifteen years the Council and its predecessor, the Police Jury, have advanced and transferred to the Board millions of dollars in money and property not only for capital improvements but also to the extent of more than half the funds used by the Board during that time to maintain, operate and support the parish school system. This is inconsistent with the intent and purpose of, and in fact violates, the above mentioned constitutional and charter provisions prohibiting the commission plan of parish government from “affecting” the powers and functions of the Board. Because the Board has become dependent on those funds and on the Council, their source, for a major portion of its necessary revenues, and because dependency by its very nature necessarily involves control, a continuance of such contributions would have the effect of permitting the Council to control the Board.
I am unable to agree with plaintiff’s contention. Of course, there can be no question as to the fact that, with the exception of the State Board and State Department of Education in certain areas (see LSA-Const. Art. 12 § 4 et seq. and LSA-R.S. 17:1 et seq.), the Board has the exclusive power to administer, maintain and operate the public schools of *5 Plaquemines Parish (LSA-R.S. 17:81 et seq.). With one exception to which reference is made in the following paragraph, the Board, as do other Louisiana School Boards, obtains its revenues from the state, which distributes state funds directly to the Board, which in turn controls and manages the same (LSA-Const. Art. 12 § 14), and from the Board’s own actions in levying parish school taxes and issuing bonds, which funds also are controlled and managed exclusively- by the Board (LSA-Const. Art. 12 § 15). It is equally true that the governing authority of Plaquemines Parish, the Council, has no authority in the field of education, cannot infringe upon the powers and functions of'the Board and does not have any duty or legal obligation to contribute any funds whatsoever to the Board for school purposes or otherwise.
However, LSA-Const. Art. 12, § 15, ninth, provides that “ * * * parish funds for the support of public schools of elementary and secondary grades shall be additionally derived from such other revenues as may be provided by law.” And Revised Statutes 17:100 reads as follows:
“The governing authorities of the several parishes may appropriate available parish funds to aid the school boards of their respective parishes, with the consent of the said boards, in the construction and operation of parish public schools.” LSA-R.S. 17:100.
It is apparent the legislature did not consider the giving of available parish funds to school boards by the governing authorities of the parishes infringed upon the authority, powers and functions granted to the boards by our constitution and laws or gave the governing authorities control thereof. Nor do I. The Board and the Council have their own separate areas of powers and functions; and each is supported by its own sources of revenue. Under the above quoted R.S. 17:100 the Council cannot be forced to advance even available parish funds to aid the Board; whether or not it will make such advances is a matter solely within the discretion of the Council. And under that statute the Board cannot be forced to accept such advances; it must consent thereto.
The record does not establish that the Board in the instant case is, in actual fact, controlled by the Council as a result of funds advanced by the latter. Thus plaintiff’s contention essentially is to' the effect that it is not wise to permit the Council to advance large amounts to the Board because this may lead to control of the Board by the Council. In view of Constitution Article 12, Section 15, ninth, specifically permitting school boards to derive funds from “such other revenues as may be provided by law”, and in view of R.S. 17:100, under which one of such “other revenues” is available parish funds from the governing authority of the parish, plaintiff’s contention is a matter which addresses itself to the legislature and not to the courts.
I respectfully concur.